Rockingham, }
Dec. 3, 1912. }

### ROWELL, *Adm'r,* v. SANBORN, *Adm'x.*

Where one member of an association has taken adverse possession of the common
property, an action for an accounting brought by a fellow-member is barred by
the statute of limitations unless begun within six years from the time the plain-
tiff knew or should have known of the wrongful act.

BILL IN EQUITY, for an accounting.    Trial before a referee, who
found the facts.    At the January term, 1912, of the superior court
*Wallace,* C. J., ordered judgment for the defendant, and the plain-
tiff excepted.

In October, 1884, Smith A. Rowell, the plaintiff's intestate, asso-
ciated himself with Alvah S. Sanborn, the defendant's intestate,
and a number of others, to build a hall.    It was a part of the agree-
ment that Sanborn should give the association the land on which
to build.    The building was begun in 1884, but the association
never completed it.    All the associates except Rowell and San-
born abandoned the undertaking as early as 1886.    In 1890 Rowell
notified Sanborn that he should have nothing more to do with the
building, and Sanborn thereupon took possession of and afterward
held it as his own property.

*G. K. & B. T. Bartlett*, for the plaintiff.

*Page, Bartlett & Mitchell*, for the defendant.

YOUNG, J.    Although the association forfeited whatever right it may have had to demand a conveyance of the land on which the building stood when it abandoned the undertaking, it did not forfeit the building and could have either moved it to another lot, or sold it and divided the proceeds; but instead of doing either of these things, it suffered Sanborn to take possession of and hold the building as his own property.    Any member of the association could have maintained an action against Sanborn for an accounting as soon as he took possession of the building.    None of the members, therefore, who either knew or ought to have known how he was holding the building can maintain such an action unless it was begun within six years from the time of his taking possession. *Clark* v. *Slayton*, 63 N. H. 402; *Currier* v. *Studley*, 159 Mass. 17, 19; P. S., c. 217, s. 3.    Rowell knew in 1890 that Sanborn was holding the building adversely to him and to the association, but did not begin this action until 1898.    Consequently the statute is a bar to its maintenance.

*Exception overruled.*

All concurred.